**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re The Roman Catholic Church of Diocese of Tucson aka the Diocese of Tucson,<br><br>      Debtor.<br>_____<br><br>Phillip Gregory Speers,<br><br>      Appellant/Plaintiff,<br><br>vs.<br><br>The Roman Catholic Church of Diocese of Tucson aka the Diocese of Tucson,<br><br>      Appellee/Defendant. | No. CV 06-373-TUC-MHM<br><br>Chapter 11 Bankruptcy Case No. 4-04-BK-4721-JMM<br><br>Bankruptcy Adversary No. 4-05-AP-00197<br><br>**ORDER** |

Plaintiff/Appellant Phillip Gregory Speers appeals from the Order entered by the Honorable James M. Marlar, Judge, United States Bankruptcy Court, District of Arizona, entered on June 14, 2006. (Doc. 35-28). That Order denied the Appellant's Rule 60(b) Motion for Relief[1] from the Bankruptcy Court's January 30, 2006 decision. The parties have filed their respective briefs and record excerpts for the purposes of this appeal. (Doc. 27, 36,

---

[1]Rule 60(b) of the Federal Rules of Civil Procedure is made applicable to the Bankruptcy proceedings through Rule 9024 of the Bankruptcy Code.

39, 10-23, 28-29 and 35). This Court's appellate jurisdiction has been invoked pursuant to 28 U.S.C. § 158(a).

I.

Background

According the record below, the Appellant taught second grade at St. Francis of Assisi School in Yuma, Arizona during the 1999-2000 school year. Toward the end of the school year, five female students accused the Appellant of having molested them. While criminal charges were pending against the Appellant, the parents of his accusers brought suit against, among others, the Diocese of Tucson. The parents alleged that the Diocese was responsible for the Appellant's conduct under the doctrine of respondeat superior. Against the Appellant's urging, the Diocese settled those claims.

On September 20, 2004, the Diocese filed for Chapter 11 reorganization. On April 15, 2005, Appellant filed a Proof of Claim[2] in the Bankruptcy Court, attaching a complaint captioned for the Pima County Superior Court. The Appellant filed essentially the same complaint in Pima County Superior Court against the Diocese and several other entities on June 23, 2005. Both complaints alleged employment discrimination, retaliatory conduct, harassment in violation of public policy, breach of contract, professional negligence, fraud and conspiracy to commit fraud, slander per se, libel per se, abuse of process, conspiracy to commit violation of civil rights, breach of non-delegable duty, fault, obstruction of justice - destruction of evidence, obstruction of justice - secretion of evidence, witness tampering, intentional infliction of emotional distress, unlawful imprisonment, malicious prosecution, respondeat superior/vicarious liability and outrageous conduct. The Pima County action was removed by the Defendants to the Bankruptcy Court. Appellant subsequently succeeded on his Motion to Remand the claims against the non-debtor Defendants, and that action is pending in the Pima County Superior Court (Doc. 35-25).

---

[2]A Proof of Claim is a creditor's submission to a bankruptcy court that is required in order to make a claim against a debtor's bankruptcy estate. It is the mechanism that allows a creditor to be included in the debtor's reorganization plan.

- 2 -

The Diocese objected to the Appellant's claim and filed a Motion to Dismiss on October 18, 2005. After briefing and a hearing on the issue, the Bankruptcy Court denied the Motion to Dismiss, but ordered the Appellant to file an amended complaint that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure, which require a short and plain statement of the claim, captioned with the names of the parties and the title of the action, and in the form of limited, numbered paragraphs.[3] If the appellant failed to do so within twenty days, his complaint would be dismissed with prejudice.

The Appellant filed his amended complaint on January 9, 2006, twenty-five days after the Bankruptcy Court's order. The Bankruptcy Court dismissed the Complaint with prejudice and disallowed the claim against the Diocese's bankruptcy estate, finding the Appellant's filing untimely.

Four months later, on May 31, 2006, the Appellant filed a Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Citing Rule 6(e) of the Federal Rules of Civil Procedure, the Appellant argued that the Bankruptcy Court had erred in dismissing the amended complaint as untimely. According to the Appellant, the Bankruptcy Court should have computed the due date for the amended complaint by adding three days to the prescribed period. Because that would have resulted in the amended complaint falling due on a Saturday, the Appellant urged that Rule 6(a) allowed for the filing to occur on the next day that was not a Saturday, Sunday or legal holiday. The Appellant argued that his filing on January 9, 2006 was therefore timely and thus the Bankruptcy Court should not have dismissed the complaint and denied his claim. The Appellant offered several additional arguments that his claims should not have been dismissed.

In its June 14, 2006 memorandum decision, the Bankruptcy Court denied the Motion for Relief on the basis that the Appellant had not brought it within a reasonable time. Judge Marlar noted that Rule 60(b) motions should be liberally construed, but cited the court's

---

[3] Several additional filings were made with the Bankruptcy Court in this same time period by both Appellant and the various defendants; they are not relevant to the disposition here and are thus not addressed.

- 3 -

1  compelling interest in finality of judgments. In his denial, Judge Marlar pointed to the fact
2  that the Appellant did not file an appeal, despite the fact that the main issue involved a simple
3  computation of time that did not require extensive research or writing. Judge Marlar
4  indicated that the Appellant could have sought an extension of the ten-day appeal period
5  instead of waiting four months to seek relief from the judgment. The Appellant timely
6  appealed the decision to this Court.

## II.

### Discussion

9  In an appeal from the Bankruptcy Court, this Court reviews the denial of a Rule 60(b)
10 motion for abuse of discretion. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985);
11 Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004). This Court will not consider
12 the merits of the underlying decision; the review is limited to the merits of the denial of the
13 Motion for Relief from the judgment. Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995).

14    A.    Abuse of Discretion

15 In applying the abuse of discretion standard, this Court is not empowered to substitute
16 its judgment for that of the Bankruptcy Court. United States v. Henderson, 241 F.3d 638,
17 646 (9th Cir. 2000). Unless the Bankruptcy Court made an error of law, relied on a clearly
18 erroneous finding of material fact or ruled in an irrational manner, it is entitled to wide
19 latitude in its decision. Id.

20 This Court finds that the Bankruptcy Court did not abuse its discretion in denying the
21 Appellant relief under Rule 60(b). The parties appear to agree that the Bankruptcy Court
22 applied the correct law. (Doc. 27, pp. 9-11; 36, pp. 11-12). Rule 60(b) provides that a court
23 may relieve a party from a final judgment or order for (1) mistake, inadvertence, surprise, or
24 excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or
25 misconduct by the opposing party; (4) void judgments; (5) judgments that have been
26 satisfied, released or discharged; or (6) any other reason justifying relief. Judge Marlar
27 considered the appropriate factors and determined that it was unreasonable for the Appellant
28 to have waited 120 days to file the Motion for Relief. (Doc. 29-10, pp. 4-5). Such a

1 determination is supported by the facts in the record. The Appellant immediately knew of
2 the grounds for seeking relief but did not appeal the order (in ten days or otherwise), nor did
3 he advise the Court that he needed an extension of time to properly research and brief the
4 issues. (Doc. 29-9, p. 3). The Bankruptcy Court correctly noted that there is a compelling
5 interest in finality of judgments. (Id.)  Under the circumstances, it was not an abuse of
6 discretion to deny the Appellant's Motion for Relief from the judgment made four months
7 later.[4]

8       The Appellant also asserts several reasons to reverse the decision of the Bankruptcy
9 Court that are not properly before this Court. He urges this Court to consider the nature of
10 the bankruptcy proceedings below, including the fact that the Bankruptcy Court
11 "misconstrued the nature of the attachment" to the Proof of Claim form. (Doc. 27, p. 11).
12 This Court may not properly make such an inquiry; it is limited to the question of whether
13 the Bankruptcy Court abused its discretion in denying the Motion for Relief. Maraziti, 52
14 F.3d at 254.

15       B.    Excusable Neglect

16       The Appellant argues that the four-month delay in filing his Motion for Relief was
17 reasonable under the circumstances, and therefore should be considered excusable neglect.
18 The Appellant did not, however, raise his excusable neglect claim with the Bankruptcy Court
19 in his Motion for Relief; it appears for the first time in his appeal to this Court. Ordinarily,
20 an appellate court will not consider arguments raised for the first time on appeal. Dream
21 Palace v. County of Maricopa, 384 F.3d 990, 1005 (9th Cir. 2004). The Bankruptcy Court
22 appropriately considered the Appellant's Motion, applied the correct legal standard, and

---

[4] Although the merits of the underlying decision are not before the Court, this Court disagrees with the Appellant's characterization that the Bankruptcy Court "admitted its prior error." This Court finds that the Bankruptcy Court merely recited the Appellant's arguments regarding the computation of time, rather than addressing whether Rule 6 of the Federal Rules of Civil Procedure actually applies to judges' orders.

- 5 -

1 denied relief. This Court's role is only to determine whether that constitutes an abuse of
2 discretion. This Court finds that it does not.
3    Accordingly,
4    **IT IS ORDERED** that the Bankruptcy Court's Order filed June 14, 2006 is affirmed.
5    DATED this 21st day of February, 2008.

Mary H. Murguia
United States District Judge